IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JACKIE MERCER, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-13-0523 |
| § | |
| WAL-MART STORES TEXAS, LLC, § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND OPINION**

The plaintiff, Jackie Mercer, filed this personal injury suit against Wal-Mart Stores Texas, LLC. The relevant facts are largely undisputed. On the morning of January 21, 2011, Mercer and his wife went to the Wal-Mart store in Bryan, Texas. A cold front had dropped temperatures below freezing, resulting in ice in the parking lot. (Docket Entry No. 25, Ex. B at 2; *id.*, Ex. C at 28; *id.*, Ex. E at 2). While walking from his car to the store, Mercer slipped on a patch of ice and fell. His injuries included a torn rotator cuff that required surgery. Mercer sued Wal-Mart in state court, asserting premises liability and negligence. (Docket Entry No. 1, Ex. A). Wal-Mart removed on the basis of diversity jurisdiction, (Docket Entry No. 1), and later moved for summary judgment, (Docket Entry No. 25). Wal-Mart argues that it is entitled to summary judgment because naturally occurring ice is not an unreasonably dangerous condition that can support a premises liability claim under Texas law and because the undisputed facts show no negligence as a matter of law.

Based on the pleadings; the motions, responses, and reply; the undisputed facts in the record; and the applicable law, this court grants Wal-Mart's summary judgment motion and, by separate order, enters final judgment. The reasons for this ruling are explained below.

**I.      The Legal Standard for Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." FED. R. CIV. PROC. 56(a).  "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . ." FED. R. CIV. PROC. 56(c)(1)(A).  "[T]he plain language of Rule 56[] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

"Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact."  *Cannata v. Catholic Diocese of Austin*, 700 F.3d 169, 172 (5th Cir. 2012) (citing *Celotex*, 477 U.S. at 323).  If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by "'showing'—that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.  While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010).

"A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law."  *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). "If the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the nonmovant's response." *Duffie*, 600 F.3d at 371 (internal quotation marks omitted).

"When the moving party has met its Rule 56[] burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings." *Id.* The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Id.* (internal quotation marks omitted). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc)). "In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party." *Duffie*, 600 F.3d at 371.

## II.     Analysis

The parties agree that Texas law applies. Under Texas law, premises liability is a form of negligence. *Scott & White Mem'l Hosp. v. Fair*, 310 S.W.3d 411, 412 (Tex. 2010); *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). "The threshold question in a premises liability case, as with any cause of action based on negligence, is the existence of and violation of a duty." *Chappell v. Allen*, 414 S.W.3d 316, 323 (Tex. App.—El Paso 2013, no pet. h.). In a premises liability suit, a premises owner's duty is determined by the complaining party's status at the time and place of injury. *Fair*, 310 S.W.3d at 412. The plaintiff is usually classified as an invitee, licensee, or trespasser. *Mellon Mortg. Co. v. Holder*, 5 S.W.3d 654, 655 (Tex. 1999). "An invitee is 'one who enters on another's land with the owner's knowledge and for the mutual benefit of both.'" *Am. Indus. Life Ins. Co. v. Ruvalcaba*, 64 S.W.3d 126, 134 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (quoting *Rosas v. Buddie's Food Store*, 518 S.W.2d 534, 536 (Tex. 1975)); *see also* RESTATEMENT (SECOND) OF TORTS § 332 (1965). The parties agree that Mercer was an invitee

of Wal-Mart when he slipped and fell.

A premises owner owes an invitee a duty to protect the property against conditions that pose an unreasonable risk of harm. *Brinson Ford, Inc. v. Alger*, 228 S.W.3d 161, 162–63 (Tex. 2007); *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). This "does not make the [premises owner] an insurer of the invitee's safety" so as to create a strict-liability standard. *See, e.g.*, *Gonzalez*, 968 S.W.2d at 936. "To recover damages in a slip-and-fall case an invitee must prove: (1) actual or constructive knowledge of some condition on the premises by the owner/operator; (2) the condition posed an unreasonable risk of harm; (3) the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and (4) the owner/operator's failure to use such care proximately caused the plaintiff's injuries." *Id.* (citing *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex.1992)).

The question in this case is whether the ice in the Wal-Mart parking lot posed an unreasonable risk of harm. A recent Texas Supreme Court case provides the answer. That case held that "naturally occurring ice that accumulates without the assistance or involvement of unnatural contact is not an unreasonably dangerous condition sufficient to support a premises liability claim." *Fair*, 310 S.W.3d at 414. Ice is naturally occurring when meteorological forces cause it to accumulate. *Id.* at 415; *Callahan v. Vitesse Aviation Servs., LLC*, 397 S.W.3d 342, 352 (Tex. App.—Dallas Mar. 29, 2013, no pet. h.). Salting or applying chemical deicer to ice that has naturally accumulated does not transform naturally occurring ice to unnaturally occurring ice, because "[t]o find otherwise would punish business owners who, as a courtesy to invitees, attempt to make their premises safe." *Fair*, 310 S.W.3d at 415.

The summary-judgment evidence shows that the ice Mercer slipped and fell on accumulated

4

naturally as the result of a cold front that moved into the area and caused temperatures to drop below freezing.  There is no summary-judgment evidence that something other than meteorological forces caused the ice accumulation.  Because the ice occurred naturally, it was "not an unreasonably dangerous condition sufficient to support a premises liability claim." *Id.* at 414.  Mercer cannot show an essential element of his premises liability claim and cannot raise a factual dispute material to determining whether Wal-Mart owed him or breached any duty with respect to the ice in the parking lot.[1]  His premises-liability and negligence claims fail as a matter of law.

Mercer's opposition to Wal-Mart's motion for summary judgment mentions without discussing two exceptions that the *Fair* opinion discussed.  (Docket Entry No. 28 at 6).  The first exception is "that a premises owner should be liable when it has 'actual or implied notice that a natural accumulation of ice or snow on his property created a condition substantially more dangerous than a business invitee should have anticipated by reason of knowledge of the conditions generally prevailing in the area.'" *Fair*, 310 S.W.3d at 415–16 (quoting *Cooper v. Valvoline Instant Oil Change*, No. 07AP–392, 2007 WL 3257245, at *5 (Ohio Ct. App. Nov. 6, 2007)).  "[T]his exception applies only in situations where the ice or snow conceals a defect or hazard that an invitee should not anticipate from his general knowledge of wintery conditions in the area." *Id.* at 416.  An example would be snow that conceals a deep hole unknown to the invitee. *Id.*  This exception does not apply because Mercer did not allege or point to summary-judgment evidence that the ice he slipped and fell on concealed a defect or hazard.  He instead claims that the ice itself was the defect.

---

[1] Because naturally occurring ice does not pose an unreasonable risk of harm, whether or not Wal-Mart was aware that the parking lot was icy is irrelevant.  Wal-Mart's knowledge of the ice does not, as Mercer contends, transform a condition that is not unreasonably dangerous into one that is.

5

The second exception discussed in *Fair* is "that the natural accumulation rule does not apply when a landowner is 'actively negligent in permitting or creating an unnatural accumulation of ice or snow.'" *Id.* at 416 (quoting *Cooper*, 2007 WL 3257245, at *5–6). This exception does not apply. The ice Mercer slipped on accumulated naturally, and he does not argue that Wal-Mart was actively negligent. "Active negligence" is based on an affirmative act, while "passive negligence" is based on a failure to act. *Campus Mgmt., Inc. v. Kimball*, 991 S.W.2d 948, 951 (Tex. App.—Fort Worth 1999, pet. denied). Mercer alleged that Wal-Mart "negligently overlooked the ice," "delayed remedying the condition and left the ice," and "fail[ed] to warn of the condition." (Docket Entry No. 1, Ex. A at ¶¶ 10–11). The allegations and summary-judgment evidence all involve *failures* to act, not affirmative acts.

### III.    Conclusion

Wal-Mart's motion for summary judgment, (Docket Entry No. 25), is granted. Final judgment is separately entered.

SIGNED on January 21, 2014, at Houston, Texas.

                                                               Lee H. Rosenthal
                                                               United States District Judge